We hold the lien of the defendant good, and that the plaintiff has not the right to have the stock placed in his name on the books of the bank. The plaintiff's petition is dismissed at his costs.

*Squire, Sanders & Dempsey*, for plaintiff.

*Wilcox, Collister, Hogan & Parmely*, for defendant.

---

## APPEALS.

[Lucas Circuit Court.]

Haynes, Scribner and King, JJ.

GLADIEUX v. THE ST. LOUIS PARISH OF TOLEDO, OHIO, ET AL.

1. RIGHT TO APPEAL.

In an action upon a building contract in which plaintiff avers his full performance of it and prays that the balance due thereon be paid him; and the defendant in his answer and cross-petition undertakes to set out an equitable cause of action, but fails to insert all the material allegations that are essential to such cause of action: *Held*, that if the complaint be of an equitable nature, such defendant may appeal, and obtain further leave to amend and perfect the allegations of his petition in the appellate court.

2. CONSTRUCTION OF STATUTES REGULATING APPEALS.

The right to appeal is given in the broadest sense and the language of the statute cannot be construed to confine this right in cases in which the contention is in whole or in part over the facts of the case, and such right cannot be defeated by the defendant's setting up in his answer a legal cross-demand and which compels the plaintiff to take issue upon, or be defeated in his action.

SCRIBNER, J.

The case of Victor Gladieux against the St. Louis Parish of Toledo, Ohio, et al., is before us on motion submitted by the plaintiff to dismiss the appeal in this court by the defendants.

The action below was brought upon a building contract entered into between the church and the plaintiff for the erection of a certain structure described in the petition.

The plaintiff avers his full performance of the contract and alleges the contract price of four thousand dollars of which three thousand dollars have been paid, leaving still due a thousand dollars; also the sum of $19.85 which is alleged as due to the plaintiff for building a sidewalk, according to the agreement entered into between the parties.

The defendants, answering in the case, set out certain admissions of some of the immaterial allegations of the petition, but deny all the other allegations not specifically admitted.

Then by way of cross-petition, and further answering to the petition, the defendants say, that on or about July 22, 1892, they entered into a contract in writing with the plaintiff in this case for the erection and completion of a two-story brick residence on the real estate in the petition described for the agreed sum of four thousand dollars and according to specifications and plans referred to in the written contract of which a true copy is hereto attached and made part thereof, marked "Exhibit One."

Defendants further say that there was drawn up by said plaintiff, or his amanuensis and that it was a part of said contract to be reduced to writing, that the plaintiff should forfeit the sum of two dollars per day

Gladieux v. St. Louis Parish et al.

for each and every day after October 15, that said house should remain unfinished and uncompleted; and that said plaintiff, for the purpose of deceiving said defendants, omitted or caused to be omitted from said written contract the agreed provision or condition to finish said contract work by October 15, 1892, under a forfeiture of two dollars for each and every day thereafter.

These answering defendants say that plaintiff agreed to finish said building on or before October 15, 1892, under a penalty as aforesaid and that he failed to finish the building and the same is not completed, all to their damage in the sum of $450.

Defendants further say that the plaintiff agreed to construct said house in a workmanlike manner, according to specifications here annexed, but that, in disregard of his said obligation, under the directions of said specifications, he has failed and refused to comply with the same in this: And then there are pointed out numerous imperfections and failures of performance on the part of the plaintiff, as is claimed by the defendants to the number of 17—more than 17 in number in point of fact. And in many other regards plaintiff has failed to comply with the said plans and specifications of the contract all to the damage of the defendants in the sum of $600. Wherefore these answering defendants pray that said contract in said petition set forth and thereto annexed be reformed as to the provision for the penalty of two dollars a day for failure to complete the building by October 15, 1892, and for judgment against the plaintiff in the sum of $1,050 and of their costs herein expended.

The plaintiff replies denying the allegations of the answer, especially the allegation of fraud in the omission of some of the alleged stipulations —as to the stipulated damage for default in the completion of the work; also the allegation relating to the imperfections in the work.

Upon these pleadings, the case went to trial before the court of common pleas and a jury, a jury having been empaneled to try the issues entered into or made up between the parties.

The jury found a verdict for the plaintiff for the substantial amount of his claim. Thereupon the court made an entry in which this language appears: "And thereupon, in accordance with the verdict of the jury duly rendered in this action, the court find there is now due (so much money) and rendered judgment thereon."

A bond to perfect appeal having been filed, it was duly transferred to the clerk of this court and the plaintiff filed his motion to dismiss appeal on the ground that the case is one in which neither party was entitled to demand a trial by jury; that a jury was demanded to try the case and that therefore neither party has a right to appeal. It is upon that motion that the case has been heard. As I have stated, the plaintiff, does not demand personal judgment in the case.

He sets up the fact constituting his claim against the defendants and the petition proceeds: "Wherefore, plaintiff prays that an account may be taken of the amount due him upon said claim and that the same may be declared a first lien on said lot and that the liens thereon may be marshalled and said lot sold, and his said claim with interest thereon paid from the proceeds of said sale and for such other and further relief as he may be entitled to," etc.

Manifestly there is here no claim for personal judgment; nothing which would entitle the plaintiff to demand a trial by jury.

The answer, as has been shown, alleges fraudulent conduct on the part of the plaintiff, taking issue with certain allegations in the petition

as to the performance of work. The defendant alleges that the plaintiff perpetrated a fraud upon the defendants in this: That the contract was drawn by plaintiff; that it was a part of the contract and was to be reduced to writing, that said plaintiff was to pay to these defendants the sum of two dollars per day for each and every day after October 15, 1892, that said house should remain unfinished and uncompleted; and that said plaintiff purposely, and to deceive these defendants, omitted or caused to be omitted from said contract the agreed provision or condition to finish said contract work by October 15, 1892, under penalty and forfeiture of two dollars per day for each and every day of delay after that time. And the defendants allege damage to the extent of some $450.

Now, it appears by the ruling of the Supreme Court in the case of Ellsworth v. Holcomb, 28 O. S., 66—at least it was referred to in the argument that pleadings containing allegations of that kind, if the facts are sufficient to make a case of fraud, or presents a cause of action within the original or any cross-petition, it is appealable to the appellate court.

In the case of Ellsworth v. Holcomb, *supra*, the first paragraph of the syllabus reads as fallows:

"Where a plaintiff brings an action for the reformation of a written contract, and at the same time asks for a money judgment, to which he would be entitled only in the event of his obtaining the equitable relief sought; and the only issue of fact made by the pleadings is on the right to such equitable relief, neither party has a right to demand that such issue shall be tried by a jury."

Here the defendants in their cross-petition pray for a reformation of the contract in the particular which I have referred to and they ask that judgment may be rendered upon the contract as reformed and the damages they have sustained in consequence of the failure, as alleged by them, on the part of the plaintiff to comply with the terms of the contract in the particular there complained of, and the allegations of the cross-petition in this regard are not sufficient to make a case clearly, it seems to us, and under the ruling of the court in the case of Ellsworth v. Holcomb, *supra*, the parties defendant would have the right to appeal from the judgment or finding against them as the issue was made here in regard to this particular matter complained of.

It is quite questionable whether or not the facts alleged in this cross-petition in this regard are sufficient to make a case. It is alleged that the cross-petitioners were ignorant of the fact that this omission was made and that the plaintiff failed to insert the provision which was agreed upon and in some other respects the petition seems to be somewhat defective in that regard; but we do not think that these omissions or defects would deprive a party of his right to appeal.

A man may set out or undertake to set out an equitable cause of action in his petition or in his cross-petition; he may fail to insert all the material allegations that are essential to such cause of action; nevertheless, if the complaint be of an equitable nature, he may appeal and in an appellate court obtain further leave to amend and perfect the allegations of his petition.

This appears in the ruling of the court found in the case of Grant, etc., v. Ludlow's Admr., et al., 8 O. S., 1, 31, 32, where the court say:

"Like a cause appealed into the district court from the court of common pleas, we take up the case at the point where it stood when reserved; and, as in cases of appeal, have the same control over the sub-

ject matter of the action, the pleadings, and, if necessary, the issuing and service of process, and the final determination of the case, as the district court could have exercised, had that court retained it for final adjudication.''

And further, the court say:

''But it not unfrequently happens, especially in equity cases, that facts and allegations necessary to determine the subject-matter of the original cause of action, and dependent upon, and growing out of the original cause of action, have been omitted in the pleadings below, or the cause of action is imperfectly stated. Such amendments have been heretofore allowed on appeals in this state; and when the collateral facts, in equity suits, made it necessary to bring a new party before the court, it has been allowed. Such amendments are made for the purpose of settling and fully determining the cause of action appealed.''

Applying this doctrine to the language of the cross-petition under consideration here, ·that if the allegations are not sufficiently clear to make an equitable cause for relief, that upon an amendment of the cross-petition such allegations may be supplied, if the party desires to supply them, and that if he be able to make good averments in his cross-petition in respect to the alleged fraud in omitting a material condition from the contract, he is entitled to appeal his case to the· circuit court upon the allegations in his cross-petition, and the issues taken as to those allegations as to what shall be done with the case in the event that, upon the final determination, the issue made as to the fraud is left uncertain and undetermined by the court.

Then as to the remaining part of the case—the further allegations of the answer and cross-petition are that the plaintiff has failed to perform the contract according to its terms and that the work and materials are defective in many particulars all to the damage of the defendants in the sum of $600 for which judgment is prayed against the plaintiff.

At first sight, it would seem that these averments of the answer and cross-petition make an equal case or counter claim or cross action on the part of the defendant below against the plaintiff. That is to say, if the plaintiff himself were not here suing upon this contract and demanding the contract price of his work and materials, the defendants would be suing him upon his contract·in an original action to recover damages. Of course, if issues were taken in such a case, it would indicate a cause of action for trial by jury. But it will be observed here that the plaintiff is suing for $1,019 and some odd cents. If that amount is due, even conceding that the defendants have a cause of action as is·claimed by them upon the grounds of complaint as is claimed by them, upon a building contract; nevertheless, they could claim nothing beyond an insignificant sum in the way of damages because, according to the contract price, they are still owing the plaintiff the sum af one thousand dollars in addition to the $19 and some odd cents for the amount of the sidewalk expense.

The defendants, it is true, allege that they have suffered damages in excess of the damages that the plaintiff claims, but it is very slightly in excess. Their complaint really stands in the nature of a defense against the claim of the plaintiff, and not as an independent cause of action upon which they are entitled to recover as against the plaintiff, it being conceded that they have paid the plaintiff all but the sum of $1,019 of the amount that is to be paid for the work and labor.

It is a case then, according to the facts set up by the defendants, assuming the statements in that regard to be true—it is a case, not for

the recovery of damages, not for a judgment for damages, unless it might be for an insignificant sum. It is a matter of defense, not a matter of recovery against the plaintiff. We doubt very much whether, in such a case as that, where a plaintiff brings an action in equity to enforce a mechanic's lien and the defendant comes forward and admits the making of a contract and alleges non-performance or breach of contract on the part of the plaintiff whereby he has not earned his contract price—we doubt very much whether, under such circumstances, if the case is taken from the equitable jurisdiction of the court where it is put by the petition of the plaintiff, it presents an action at law for trial by jury.

But aside from that, if it should be found that an action at law was presented by the answer and cross-petition, on trial in the determination of that to a jury, if that is the proper tribunal, and an appeal taken in the case would not open up the law matter that was submitted to be tried by a jury, it is conclusive that if the appeal takes up anything, it takes up only the equitable matters outside of the law claims which have been submitted and tried.

In the case of Sallady v. Webb, 1 Ohio Circ. Dec., 638, which was fully relied upon by this court in the case of Brack v. Gaa, et al., 3 Ohio Circ. Dec., 594, is found quite an interesting discussion of a kindred subject which I will read the following four paragraphs, being the syllabus:

"1. If the plaintiff sets out in his petition an equitable cause of action, and no issue of fact is taken on the averments thereof; but the defendant sets up new matter in his answer constituting a legal cause of action, which, if established, will extinguish the case made in the petition, such legal cause of action is triable by jury.

"2. The plaintiff may appeal from a decree in such case dismissing his petition, although the decree is based upon a finding that the sum due on the legal cause of action is equal to or exceeds that claimed by him in his petition, and thus extinguished it.

"3. That such appeal does not open and bring for re-trial in the circuit court the issues joined and tried in the court of common pleas upon the new matter set out in the defendant's answer.

"4. That if, in the circuit court, no issue is taken on the averments of the petition, the court will render such decree, as the justice of the case requires in view of the case confessed in the petition, and of the legal rights of the parties as settled in the court below."

The following is the statement of facts in the case of Sallady v. Webb, *supra*:

"This action was brought to foreclose a mortgage given by defendant Webb in 1881, to his co-defendant, Wheeler, and assigned by Wheeler to the plaintiff. No issue was taken on the averments of the petition. Webb, the mortgagor, answered, setting up: 1. That his co-defendant, Wheeler, in 1874, sold him the mortgaged premises, and that the mortgage was executed by him to Wheeler to secure the balance of the purchase money unpaid at the date of the mortgage. That Wheeler had induced him to purchase the premises by misrepresenting the location of their boundaries, having no reasonable grounds to believe the statements to be true, and that he was greatly damaged thereby.

"2. That Wheeler, at and before the time the mortgage was assigned, was indebted to him for timber before that time sold and delivered to Wheeler. The reply denied the averments of the answer."

The opinion in this case was delivered by Judge Bradbury who afterwards became one of the judges of the Supreme Court, and he says:

"This action was brought by the assignee of the mortgage to foreclose it, the plaintiff making both mortgagor and mortgagee defendants. There was no prayer for a personal judgment.

"The petition set forth a cause of action, purely equitable, in which neither party had a right to a trial by jury, and therefore, by sec. 5226, Rev. Stat., either party could appeal to the circuit court.

"The fact that no issue was joined on the averments of the petition, cannot be held to defeat the right to appeal; there is no such express imitation of this right made by the statute providing for the appeal. And it is clear that in cases where no issue of fact is taken on the averments of the petition, the defeated party may appeal from a decree adjusting his rights upon the facts stated therein, as in cases where, upon issue joined, the court has found the facts against him. The very point of contention may well be over disputed rules of law applicable to admitted facts. The right to appeal is given in the broadest terms; the language of the statute cannot be construed to confine this right to cases in which the contention is, in whole or in part, over the facts. If this view is correct, it would seem to follow that the right to appeal the case made in the petition, cannot be defeated by the defendant setting up in his answer a legal cross-demand, which he may do or not at his election, but which if he does set up, compels the plaintiff to take issue upon, or be defeated in his action. The motion to dismiss the appeal is therefore overruled.

"The plaintiff's appeal being sustained, the defendant Webb, confesses his petition to be true by taking no issue upon its averments, but moves the court for a decree finding that the plaintiff's claim therein set forth is extinguished by the finding of the court below on the legal cross-demands set up by him in his answer, the court below, as disclosed by the record, having found due Webb, thereon, from the plaintiff's assignors a sum of money greater than the plaintiff claimed in his petition. The motion is founded upon the claim, that the appeal of the plaintiff did not open up, for re-trial in this court, the issues of fact joined in the court below on the defendant's cross-demand."

Then the court quotes from the statute upon the subject and also quotes from the case of Buckner v. Mears, 26 O. S., 514, which shows wherein that case differed from the one before him and then the learned judge says:

"We therefore hold, that the appeal of the plaintiff in this case did not open for re-trial in this court the issues joined in the court below on the cross-demands set up by Webb, and we decline to hear evidence relating thereto. And it appearing by the record, that the sum found by the court below due to Webb on his cross-demands, is greater than the claim of the plaintiff, we hold that the plaintiff's claim is extinguished thereby."

It seems that the result from that case, granting that there was a legal cross-demand submitted to the court for trial in the action—a cross-demand against the mortgagee who had transferred the claim upon which the plaintiff had brought his action, to the plaintiff—granting that there was such a cross-demand and a trial and judgment by the court below upon the issue made as to the cross-demand, and the facts presented as to the cross-demand, the court was of the opinion, and so adjudged that while the plaintiff had brought his suit, the mortgage might appeal, but

that the appeal did not open up the judgment that had been rendered upon the cross-demand of the original mortgagee against the mortgagor, both of them having been parties defendant to the action.· That the judgment of the court upon trial as to the validity of that mortgage was conclusive, not only upon the mortgagor and mortgagee, who were parties defendant in the action, but also as upon the plaintiff himself; that appeal did not open up that decree or judgment; that nevertheless an appeal might be taken by the plaintiff in the action. The result was, under the ruling of the court that, the court having found that the mortgage was entirely extinguished by reason of the facts shown in the case, there was no validity as against the mortgagor and that having found the amount of damages as against the mortgagee in favor of the mortgagor in the cross-petition that exceeded the amount of the mortgage, the result of the petition of the plaintiff in the action even for foreclosure, was dismissed.

Now here, if this was a case proper to be tried by a jury and was a case in which the parties were entitled to a trial by jury upon the issue made as to the cross-petition in the case—if that is so, the ruling of the court in this case would seem to conclude as to the facts covered by the verdict returned by them—it would not interfere with the right to appeal as against the claim of the plaintiff upon a mechanic's lien and an equitable proceeding which would conclude the matter as to the facts found and determined by the jury in a matter for consideration in this court, and if it was a matter not triable to a jury, that is, these matters set up in the answer by way of abatement or reduction here, then the whole matter would be opened for trial here, and upon the whole our view is that the case was one in which an appeal could be taken and the motion to dismiss appeal is therefore overruled. As to how far the parties may go into the matters that were 'passed upon and determined by the jury we do not undertake to say.